### THOMAS BRIDGEN,

#### v.

### JAMES CARHARTT and SUSANNAH his wife.

The complainant holding two mortgages against the defendant upon distinct parcels of land, brought this bill for foreclosure and sale. On one sale, there was a surplus, and on the other, a deficiency.

Held, that the surplus of one could not be applied to supply the deficiency of the other. The English doctrine of tacking mortgages, does not apply in this state.

It seems to be the spirit of our law, for the registry of mortgages, that each mortgage is a security for the specific debt mentioned in it, and no more.

THE CHANCELLOR. The defendant Carhartt, being indebted to Lansing, gave him a bond for seven hundred and ninety five dollars; and to secure the debt, Carhartt and his wife, on the twenty first day of March, 1812, mortgaged a certain tract of land to Lansing.

Carhartt being also indebted to Thomas Bridgen, Anna M. Bridgen and Catharine Bridgen, in the sum of one thousand three hundred and ten dollars, gave them a bond for that sum; and on the twelfth day of September, 1815, Carhartt and his wife, to secure the debt, mortgaged to them a tract of land. The interest of Anna M. Bridgen and Catharine Bridgen, in this bond and this mortgage, has been assigned to the complainant, Thomas Bridgen.

The bond and mortgage executed to Lansing, have also been assigned to the complainant.

Both mortgages were duly registered.

The lands mortgaged, are two distinct tracts.

The complainant thus holding both bonds and both mortgages, has instituted this suit, to obtain satisfaction from the mortgaged lands. It appears that one of the mortgaged tracts is insufficient in value, to pay the sum charged upon it; and that the other mortgaged tract exceeds in value, the debt for which it is mortgaged. In these circumstances, the complainant asks the court to direct, that the excess arising from the sale of one of the mortgaged tracts, beyond the sum with which that tract is charged, shall be applied to satisfy so much of the debt secured by the other mortgage, as may not be raised by the sale of the other mortgaged tract.

In support of this claim, the complainant relies upon English authorities ; and the following cases are cited. 1 Vern. 29. 245. 2 Vern. 207. 286. Amb. 733. To these, I add, 3 Br. rep. 162.

These cases and many others show, that where there have been two mortgages of distinct lands, and the suit has been to redeem one of them, the English chancery has refused to allow a redemption of one mortgage, unless the debtor would also redeem the other. Lord Hardwicke indeed declared, in 1750, 1 Atk. 299, that he was not satisfied, that this was the established rule of the court. Such however, has been the general doctrine in England.

The doctrine of these cases, does not appear to have been adopted by any decision of our own courts ; but if these cases are authority here, they differ from the case now before this court.

The English cases were suits to redeem ; and they were in general, bills by the heir of the mortgagor. I find no instance in which distinct mortgages of different lands have been thus tacked, in a suit by the mortgage creditor to foreclose.

The English authorities seem, therefore, not to support the pretension of the complainant ; whose suit here, is to foreclose and obtain satisfaction of the two mortgages from the lands.

But under our laws, and the decisions of our own courts, a registered mortgage is regarded as an incumbrance for the debt expressed in the mortgage, and for no greater sum. Such is the sense of the act concerning mortgages ; and though the great objects of the registry, are, to secure mortgagees, to give notice to purchasers, and to regulate priorities, it seems also to be the spirit of all our statutes respecting mortgages, that a registered mortgage shall never become a security between any parties, for any other debt than that specified in the registered instrument.

The English doctrine, by which a mortgage subsequent to a second mortgage may be tacked to the first, in exclusion of an intermediate mortgage, has been adjudged by the court of errors, to be inconsistent with our law concerning registered mortgages, 1 Caines' cases in error, 112. The English doc-

trine of tacking, has thus been rejected, in the only adjudged case, in which any attempt to enforce it, appears to have been made in our courts.

This is an attempt to consolidate distinct mortgages into one security. Upon what reason can the complainant claim to blend distinct mortgages of different lands, made at different times, to secure distinct debts ? Each debt is distinct ; the several mortgages have no connexion with each other; and each of them is a specific incumbrance. No court of justice would treat the two bonds as one contract ; and the two mortgages of separate tracts of land, are still more widely distinct from each other.

It is urged by the complainant, that when a mortgage is forfeited according to its letter, because payment has not been made at the stipulated time, the mortgagor must do equity, before he can redeem. But what is equity between the mortgagor and the mortgagee ? It is, that the mortgage is still, merely a security ; and that the debtor is entitled to redeem, by paying the principal and interest of the mortgage debt. The mortgagee indeed, has a legal estate ; but it is a legal estate only for the purpose of securing the payment of the sum expressed in the mortgage. In all other respects, the mortgagor is the owner of the land ; he may convey it, or it may be sold as his land, by execution at the suit of a creditor ; and whether the land is held by himself or another, it is charged with the mortgage debt, and nothing more. The mortgagor being now regarded as the owner of the land, for every purpose excepting the security of the debt charged upon it ; the distinction between the legal estate of the mortgagee and the equitable estate of the mortgagor, serves only to determine, that the remedies of the parties, are given in some cases, by courts of law, and in others, by courts of equity. The construction of a mortgage, is, as it should be, the same, in all our courts. The difference between law and equity, in respect to mortgages in this state, consists in the different remedies and forms of proceeding, in the respective jurisdictions. The idea, that a mortgagee may avail himself of his legal estate, to obtain any advantage beyond the security of the

mortgage·debt, is wholly artificial, and is inconsistent with the nature of the security.

But the chief argument of the complainant, is, that between the mortgage debtor and the mortgage creditor, it is just, that the full amount of both debts should be paid. It is always just, that a debtor should pay all his debts : but the rights of these parties, result from their contracts ; those contracts are distinct from each other ; and each contract must have effect, according to its terms and the declared intention of the parties. A mortgage to secure the payment of a sum of money, is one of the most precise contracts known to our laws ; and it can not be converted into an engagement to pay a greater sum. It never can be enforced for a greater sum, without perverting the true sense of the contract. The claim of the creditor here, to unite the two mortgages, is an attempt to acquire for himself, the same rights which he would have had, if one mortgage of both tracts of land, had been made to secure the aggregate of both debts. The debtor has made no such contract ; and he can not be subjected to the consolidation now proposed, without violating the terms and sense of the mortgages in question.

The situation of the complainant in respect to the debt secured by the inadequate mortgage, is that of any other mortgage creditor, where the land is of less value than the sum for which it is mortgaged. The mortgage is as it was intended to be, a specific incumbrance for the debt expressed in the instrument ; and the bond binds the debtor for the whole debt, whether the land is a sufficient or an insufficient security. The remedy of the complainant for that part of the debt which is not obtained from the land, is upon the bond ; and thus, both the bond and the mortgage, operate according to their tenor and the intentions of the parties.

If there is any justice in transferring a part of one of these debts to a mortgage, upon which the debt was never charged by the parties, it would be equally just, to charge any other debt from the same debtor to the same creditor, upon the same mortgage : and any other creditor might with equal justice, claim to be satisfied from the same fund. But the debtor here. is insolvent ; and if the complainant should not obtain

the deficiency of one mortgage, from the excess of the other, he may sustain a loss. Every other creditor of this debtor, may also sustain loss by his insolvency : and if the complainant has effective security for a great part of the debts due to him, that security gives him no claim to a farther preference over other creditors.

The complainant is a purchaser of the mortgage to Lansing, and also a purchaser of two third parts of the other mortgage. If these securities were held by the original mortgagees, there could be no pretence for tacking them in the manner now proposed. Upon what principle, has the complainant as purchaser, better or greater rights, than those of the persons from whom he purchased ?

To recapitulate :

1. The English authorities do not warrant the application of the complainant, to transfer a part of one of these debts, from one mortgage to the other mortgage.

2. The English doctrines of tacking mortgages, are inconsistent with our laws.

3. A consolidation of these two mortgages, would essentially vary the effect of each instrument, and would be a violation of the terms and sense of the express contracts of the parties.

4. The balance of debt due to the complainant upon the deficient mortgage, is not more just than any other debt due from the mortgage debtor ; and as the mortgagor is indebted to other persons and insolvent, the complainant has no equitable right to be preferred to other creditors, beyond the terms of his securities.

I am accordingly of opinion, that the claim of the complainant to charge one of these mortgages, with more than is due upon it, in order to satisfy the other, is a pretension unsupported by equity and contrary to law.

The question of costs being afterwards moved, the Court was of opinion, that as the defendant had not tendered the amount due, the complainant was entitled to costs. It is not enough to allege, that he is and has been, ready and willing to pay.